UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN LEE PETERSON,<br><br>            Petitioner,<br><br>   v.<br><br>W. J. SULLIVAN, Warden,<br><br>            Respondent. | 1:06-CV-0506 OWW LJO HC<br><br>FINDINGS AND RECOMMENDATION |

      Petitioner is a state prisoner proceeding pro se. Petitioner has filed a petition entitled "Petition for Writ of Mandate/Prohibition."

      Petitioner is currently in the custody of the California Department of Corrections at California Correctional Institution located in Tehachapi, California. On April 26, 2006, Petitioner filed the instant petition for writ of mandate/prohibition in this Court. Although the petition is difficult to comprehend, it appears Petitioner seeks to challenge his conviction and sentence claiming the State of California is without the judicial power to enforce laws. It appears that Petitioner claims all judicial power is delegated to the federal courts; therefore, under the Tenth Amendment to the United States Constitution the states have no authority to prosecute. Because Petitioner's claims challenge the legality of his conviction, the Court will address the petition as a petition for writ of habeas corpus. See Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), *quoting* Preiser v. Rodriguez,

411 U.S. 475, 485 (1973) (A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement); see also Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Although novel, Petitioner's claims are plainly without merit. The Tenth Amendment to the Constitution provides: "The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people."  Article III of the Constitution authorizes the federal court system and provides that federal courts have judicial power over all cases and controversies: 1) arising under the Constitution, laws, or treaties of the United States; 2) of admiralty and maritime jurisdiction; 3) in which the United States is a party; 4) between two or more states; 5) between a state and citizens of another state; 6) between citizens of different states; 7) between citizens of the same state claiming lands under grants of different states; and 8) between a state or a state's citizens and foreign states, citizens, or subjects. U.S. Const. art. 3, § 2. Therefore, all other judicial power is reserved to the States under the Tenth Amendment. Moreover, every state has the inherent authority by virtue of its police power to establish and enforce criminal law. Engle v. Isaac, 456 U.S. 107, 128 (1982) ("The States possess primary authority for defining and enforcing the criminal law. In criminal trials they also hold the initial responsibility for vindicating constitutional rights. Federal intrusions into state criminal trials frustrate both the States' sovereign power to punish offenders and their good-faith attempts to honor constitutional rights.") Therefore, it is clear that Petitioner is not entitled to relief in the district court and any amendment would be futile.

U.S. District Court
E. D. California        cd                                    2

**RECOMMENDATION**

Accordingly, the Court RECOMMENDS that the Petition be DISMISSED with prejudice. This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the Objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:     January 17, 2007**             /s/ Lawrence J. O'Neill
b9ed48                                      UNITED STATES MAGISTRATE JUDGE